# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2007

Charles R. Fulbruge III
Clerk

No. 06-31215

Omni Pinnacle, LLC

Plaintiff-Appellant

v.

ECC Operating Services, Inc.

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-03436

Before JONES, Chief Judge, and DeMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Omni Pinnacle, LLC ("Omni") appeals the district court's decision dismissing its claims against Defendant-Appellee ECC Operating Services, Inc. ("ECCOS") and compelling arbitration. We AFFIRM.

Shortly after Hurricane Katrina struck the Gulf Coast, the United States Army Corps of Engineers awarded a debris removal contract to ECCOS. To assist in this project, ECCOS entered into a Subcontract with Omni. Disputes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

quickly arose between ECCOS and Omni, and ECCOS terminated the Subcontract.

ECCOS and Omni attempted to resolve their differences by executing a Settlement Agreement. In relevant part, the Settlement Agreement provided that the parties would "be restored to their original positions." Omni contends that this phrase meant that ECCOS would resume providing work to Omni under the Subcontract. ECCOS disagrees with this interpretation and refused to continue working with Omni under the contract.

On June 30, 2006, Omni filed this suit against ECCOS, seeking declaratory relief and asserting breach of contract claims. ECCOS moved the district court to dismiss the suit and compel arbitration, arguing that the parties' dispute about the meaning of the Settlement Agreement is subject to the arbitration provision in the Subcontract. The arbitration clause in the Subcontract provides that "[a]ll claims, disputes arising out of, or relating to, this Agreement, except claims which have been waived by the making or acceptance of final payment, shall be decided by arbitration . . . ."

The district court concluded that the parties' dispute -- which centers on whether the Settlement Agreement required ECCOS to return Omni to work under the Subcontract -- "relates to" the Subcontract. Accordingly, the district court held that the dispute is subject to arbitration, granted ECCOS's motion to dismiss under Rule 12(b)(1), and compelled arbitration.

As a threshold matter, ECCOS contends that this appeal is moot because Omni participated in arbitration proceedings after the district court entered its order and the arbitrator determined that the parties' dispute is arbitrable. First Options of Chicago, Inc. v. Kaplan forecloses this argument. 514 U.S. 938, 946 (1995). Where, as here, the parties have not agreed to submit the question of

arbitrability to arbitration, an arbitrator's determination that a case is arbitrable does not preclude a court from independently deciding arbitrability. Id. This rule applies even when both parties participated in the arbitration proceedings. Id.

We therefore proceed to the issues Omni raises on appeal. The district court's interpretation of an arbitration agreement, and whether it binds the parties to arbitrate a given dispute, is a question of law that this court reviews de novo. See Bridas S.A.P.I.C. v. Gov't of Turkmenistan, 345 F.3d 347, 353 (5th Cir. 2003); see also Garrett v. Circuit City Stores, Inc., 449 F.3d 672, 674 (5th Cir. 2006).

Omni contends that the district court erred in finding that the parties' dispute "arises out of or relates to" the Subcontract. "A dispute 'arises out of or relates to' a contract if the legal claim underlying the dispute could not be maintained without reference to the contract." Tittle v. Enron Corp., 463 F.3d 410, 422 (5th Cir. 2006). Here, Omni cannot make its underlying claim -- that it is entitled to return to work under the Subcontract -- without reference to the Subcontract. The district court did not err in determining that the present conflict is within the ambit of the arbitration clause.

Omni also complains that ECCOS waived the right to arbitrate. The arbitration provision states that all claims arising out of or related to the Subcontract are arbitrable "except claims which have been waived by the making or acceptance of final payment." Omni contends that the $10,000,001.50 ECCOS paid in conjunction with the Settlement Agreement was a "final payment" under the Subcontract and that ECCOS therefore waived the right to arbitrate. Even if we assume that Omni's waiver challenge is a matter for the

3

court and not the arbitrator to decide,[1] Omni's contention is meritless. Its assertion that ECCOS rendered "final payment" under the Subcontract conflicts with the very basis of Omni's case -- its argument that the Subcontract is still in force and that it is entitled to return to work thereunder. To accept Omni's "final payment" argument would require us to condemn its case on the merits.

## CONCLUSION

For the reasons stated above, we AFFIRM the district court's order dismissing Omni's claims under Rule 12(b)(1) and compelling arbitration.

---

[1] ECCOS argues that Omni's waiver challenge is a procedural issue properly decided by the arbitrator, not the  court. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983). Omni counters that the "except" language of the Subcontract goes to the substantive scope of the arbitration provision, which is a matter for a court to resolve.